IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CURTIS ALLEN DAVIS,
    Petitioner,

v.                                            Case No. 3:25cv716/MW/MAL

WARDEN FPC PENSACOLA,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is back before me after Petitioner Curtis Allen Davis failed to comply with a Court order directing him to file a second amended petition for writ of habeas corpus under 28 U.S.C. § 2241. Because Petitioner has not responded, the Court recommends that this case be dismissed without prejudice.

This case began when the clerk received a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed on behalf of Curtis Allen Davis "by and through his Best [sic] Friend, Tom Kasher." ECF No. 2. The Court entered a recommendation that the petition be summarily dismissed for lack of jurisdiction because Mr. Kasher had not sufficiently established his status as a "next friend" who would be allowed to litigant on Petitioner Davis's behalf. ECF No. 5.

Petitioner Davis himself then filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 6. The Court therefore vacated the recommendation of dismissal, and in the same order directed Petitioner Davis to file what would be a second amended petition on the proper Court form. ECF No. 7.

Two days before the deadline for filing the second amended petition elapsed, the clerk received an unsigned Motion to Transfer Venue. ECF No. 8. The basis for the motion was Petitioner Davis's transfer to another institution. The envelope in which the unsigned motion had been mailed bore Mr. Kasher's return address. The Court entered an order explaining that transfer was not required merely because of Petitioner's transfer, and it denied the motion without prejudice to its refiling by Petitioner Davis. ECF No. 9. The Order noted that to secure a venue change, Davis could refile the motion to transfer or he could file a notice of voluntary dismissal and file his habeas petition in the first instance with the court having jurisdiction over his current custodian. *Id.* at 2. It also reminded him of the pending deadline for filing his second amended petition and his responsibility to file a notice of change of address with the Clerk. The Clerk was directed to send the order to both Davis's address of record and his address as reflected on the BOP website.

The deadline elapsed, and on July 28, 2025, the Court entered an order directing Davis to show cause why this case should not be dismissed due to his failure to prosecute or failure to comply with an order of the Court. ECF No. 10. Davis was given until August 12, 2025, to respond. Nothing further has been filed.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is ORDERED:

The clerk shall send a copy of this order to Petitioner at his address of record and to FCI Coleman Low, Federal Correctional Institution, P.O. Box 1031, Coleman, FL 33521. *See* https://www.bop.gov/inmateloc/ .

And it is respectfully RECOMMENDED:

1. Petitioner's amended petition under 28 U.S.C. § 2241, ECF No. 6, be **DISMISSED** without prejudice for his failure to comply with an order of the Court.

2. The clerk be directed to close the case file.

DONE on August 19, 2025.

                           s/ *Midori A. Lowry*
                           Midori A. Lowry
                           United States Magistrate Judge

## NOTICE TO THE PARTIES

The case was referred to a magistrate judge for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.